UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | :<br>:<br>: |
| Plaintiff, | :<br>:<br>: |
| v. | : 20-cv-10860-LTS<br>: |
| DAMON ELLIOTT and<br>PIPTASTIC LIMITED, | :<br>:<br>:<br>: |
| Defendants, | :<br>: |
| DSE RETAIL LIMITED<br>PAUL ROSE<br>UNIQUE ASSET MANAGEMENT LIMITED<br>and<br>SHARON ELLIOTT, | :<br>:<br>:<br>:<br>:<br>: |
| Relief Defendants. | :<br>: |

---

**FINAL JUDGMENT AS TO DEFENDANT DAMON ELLIOTT**

The Securities and Exchange Commission (the "Commission") having filed a Complaint and moved for judgment against Defendant Damon Elliott ("Defendant") and the Court having entered the judgment on September 15, 2021, pursuant to which the Court ordered Defendant to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty, to be determined upon motion by the Commission (Dkt. No. 65), the Court now enters final judgment as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for

1

Disgorgement of $5,492,059 (of which Defendant is liable for $5,289,028, on a joint and several basis with Defendant Piptastic Limited; and of which Defendant is liable for $1,167,250, on a joint and several basis, with Relief Defendant Sharon Elliott; and of which Defendant is liable for $2,403,830, on a joint and several basis, with Relief Defendant DSE Retail Limited), representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $856,255 (of which Defendant is liable for $648,307, on a joint and several basis, with Defendant Piptastic Limited; and of which Defendant is liable for $143,302, on a joint and several basis, with Relief Defendant Sharon Elliott; and of which Defendant is liable for $226,209, on a joint and several basis, with Relief Defendant DSE Retail Limited), for a total of $6,348,314, and a civil penalty in the amount of $97,523 under Section 20(d) of the Securities Act of 1933 [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. §78u(d)(3)].  Defendant shall satisfy this obligation by paying $6,445,837 to the Commission within 30 after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Damon Elliott as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the Court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action..

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

III.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  April 8, 2022

/s/  Leo T. Sorokin
_____
UNITED STATES DISTRICT JUDGE